# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | * |
| RICHARD A. BEAVER, | * |
|       Debtor | * |
| | *    **Case No. 1-03-04638** |
| DAVID GRAY, | *    **CHAPTER 7** |
|       Plaintiff | * |
| | * |
| v. | *    **Adv. No. 1-03-00334A** |
| | * |
| RICHARD A. BEAVER, | * |
|       Defendant | * |
| | * |

**FILED**     HARRISBURG PA

SEP 2 4 2004

Clerk, U.S. Bankruptcy Court

## OPINION

### Procedural History

Before the Court is a complaint filed by David Gray, a creditor acting pro se, who

seeks a determination that a judgment he holds against Debtor is non-dischargeable under

11 U.S.C. §523. Plaintiff's allegations may be summarized as follows. In July 2002,

Plaintiff and Debtor entered into an oral agreement whereby Plaintiff would purchase

from Debtor a 1979 Ford Mustang, which was in poor condition, for $100.00. When the

parties entered into the agreement, Plaintiff was unaware that the vehicle was owned by

Debtor's former mother-in-law, not Debtor. Plaintiff paid the agreed amount to Debtor

and towed the Mustang to his house, but he did not obtain title to the vehicle. Plaintiff

then began to restore the vehicle. After he had invested a relatively significant amount of

money in the restoration, Plaintiff contacted Debtor to request transfer of the title.

Plaintiff made numerous attempts to contact Debtor to obtain the title, and finally reached

him about five weeks after the sale date. At this time Debtor first informed Plaintiff that

1

AO 72A
(Rev. 8/82)

his former mother-in-law was the title holder. Debtor told Plaintiff he would have to get the title from her and provided him with her phone number. When Plaintiff's efforts to contact Debtor's former mother-in-law were unsuccessful, Debtor repossessed the vehicle over Plaintiff's objections. Debtor later sold the vehicle to a third party. Plaintiff filed a complaint in state court against Debtor and obtained a default judgment in the amount of $2,598.00. Debtor then filed the instant bankruptcy case, listing Plaintiff as a creditor holding an unsecured claim of $2,598.00. A hearing was held on Plaintiff's objection to the discharge of his debt, and the matter is ready for decision.[1]

## Discussion

Section 523(a)(2)(A) provides, in pertinent part, that "[a] discharge under §727... does not discharge an individual debtor for any debt ... to the extent obtained by ... false pretenses, a false representation, or actual fraud...." 11 U.S.C. §523(a)(2)(A). In a proceeding under §523(a)(2), the burden is on the creditor to prove by a preponderance of the evidence all elements necessary to the cause of action. *In re Cohn*, 54 F.3d 1108, 1120 (3d Cir.1995); *see also, Grogan v. Garner*, 498 U.S. 279, 290-91 (1991). This burden requires the proponent to persuade the court that the existence of the facts alleged are more probable than their nonexistence. *Metropolitan Stevedore Co. v. Rambo*, 521 U.S. 121 (1997); *In re Dewey* 263 B.R. 258, 263 (Bankr. N.D. Iowa 2001); *Nissho-Iwai Co., Ltd. v. M/T Stolt Lion*, 719 F.2d 34 (2d Cir. 1983) ("more probably true than false").

---

[1]

I have jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(L). This Opinion and Order constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 7052, which is applicable to contested matters pursuant to FRBP 9014.

2

AO 72A
(Rev. 8/82)

Exceptions to discharge are strictly interpreted against creditors and liberally interpreted in favor of debtors. *Cohn,* 54 F.3d at 1113.

To except a debt from discharge under Section 523(a)(2)(A), the creditor must prove the following elements of fraud: (1) that the debtor obtained money, property or services through a material misrepresentation; (2) that at the time of the transaction, the debtor knew the misrepresentation was false; (3) that the debtor made the misrepresentation with intent to deceive; (4) that the creditor justifiably relied on the representation; and (5) that the creditor suffered a loss proximately caused by the debtor's actions. *In re Santos*, 304 B.R. 639, 651 (Bankr. N.J. 2004). *See also, Field v. Mans,* 516 U.S. 59, 61 (1995);*In re Hilley,* 301 B.R. 819, 821-22 (Bankr. W.D. Pa. 2003); *In re Searle, 223 B.R. 384* (D. Mass. 1998).

When he presented his case, Plaintiff did not clearly articulate a legal basis on which the Court could find that his judgment against Debtor is non-dischargeable. Since Plaintiff did not have the benefit of counsel, the Court will apply the provisions of Section 523(a) to the evidence to determine whether a finding of non-dischargeablility is supported by the Bankruptcy Code. *See, In re Hyland,* 2000 WL 1210822 (Bankr. E.D. Pa.)(pro se creditor's nondischargeability complaint which did not specifically refer to any section of the Bankruptcy Code would be examined under §523(a)(2)(A) and (a)(6)).

Debtor does not dispute that he sold his former mother-in-law's car to Plaintiff. However, he does assert that he informed Plaintiff that he did not hold title to the vehicle and that Plaintiff would have to obtain the title from his former mother-in-law. He also stated that he provided Plaintiff with her business card, which included a phone number.

3

AO 72A
(Rev. 8/82)

"Bankruptcy courts have overwhelmingly held that a debtor's silence regarding material fact can constitute a false representation actionable under section 523(a)(2)(A)." *In re Docteroff,* 133 F.3d 210, 216 (3rd Cir. 1997) (citations omitted); *See also, In re Van Horne,* 823 F.2d 1285 (8th Cir. 1987). At one point in his testimony Plaintiff asserted that he did not learn that the vehicle did not belong to Debtor until several weeks later. At another point he insisted that he never knew the vehicle did not belong to Debtor. Plaintiff has failed to meet his burden to demonstrate by a preponderance of the evidence that Debtor made a false representation regarding ownership of the vehicle. Therefore, Plaintiff's cause of action under Section 523(a)(2)(A) must fail.

Plaintiff also asserted that Debtor committed fraud by removing the vehicle from Plaintiff's possession after it was sold to Plaintiff. Section 523(a)(6) precludes discharge of debts based on a willful and malicious injury by the debtor to another or the property of another.

To determine whether Plaintiff inflicted a willful and malicious injury, the Court must examine state law. Pennsylvania law defines the tort of conversion as "the deprivation of another's right of property, or use or possession of a chattel, or other interference therewith," without his consent and without lawful justification. *McKeeman v. Corestates Bank, N.A.,* 751 A.2d 655, 659 (Pa.Super.2000) (*quoting Stevenson v. Economy Bank of Ambridge,* 413 Pa. 442, 451, 197 A.2d 721 (1964)). For a tortious act to fall within the exception to discharge provided at Section 523(a)(6) the debtor must have intended to cause injury to the creditor, an intentional act that resulted in an unintentional injury does not fall within the scope of Section 523(a)(6). *Kawaauhau v.*

4

AO 72A
(Rev. 8/82)

*Geiger,* 523 U.S. 57 (1998). "The conversion of another's property without his knowledge or consent, done intentionally and without justification and excuse, to the other's injury, constitutes a willful and malicious injury within the meaning of § 523(a)(6)." *In re Jercich* 238 F.3d 1202, 1208 (9ᵗʰ Cir. 2001). See also, *In re Peklar,* 260 F3d 1035 (9ᵗʰ Cir. 2001); *In re Tinkler,* 2004 WL 1632830 (Bankr. D. Colo.); *In re Helman,* 241 B.R. 147 (Bankr. Md. 1999). According to the Restatement of Torts, Second, "trespass to the chattel of another or its conversion is excusable 'if the act is or is reasonably believed to be necessary for the purpose of avoiding a public disaster.'" *Com. v. Berrigan,* 509 Pa. 118, 123, 501 A.2d 226, 229 (1985).

In the instant case, Debtor intentionally deprived Plaintiff of his rights in the Mustang, or his use or possession of it, without his consent and without lawful justification when he intentionally drove it away from Plaintiff's residence despite Plaintiff's protests. Under *Berrigan,* the Court finds Debtor's excuse - that he had observed or heard that Plaintiff had been driving the vehicle without a valid license - an insufficient justification for his actions. While Plaintiff's rights in the Mustang were obviously not equal to the rights of one who held title to the vehicle, Pennsylvania law does not require deprivation of title to support a finding that a conversion occurred, it merely requires deprivation of rights of use or possession. *See, McKeeman,* 751 A.2d at 659. Clearly, Plaintiff had at least a right of possession in the Mustang.

"The fair market value of the converted collateral under § 523(a)(6) is the appropriate measure of damages for conversion." *Matter of Luce,* 960 F.2d 1277, 1284 (5ᵗʰ Cir. 1992), *quoting, First State Bank v. Iaquinta (In re Iaquinta),* 98 B.R. 919, 925

AO 72A
(Rev. 8/82)

(Bankr.N.D.Ill.1989) (other citations omitted.) Plaintiff in the instant case did not offer proof of the fair market value of the property beyond the amount of money that he paid for the vehicle, which he said was $160.00. Debtor testified that the purchase price was $100.00, but stated that he only received $40.00. After Debtor took possession of the vehicle he sold it to a third party for $100. Therefore, for the purposes of this complaint I find that the fair market value of the converted collateral was $100. Plaintiff alleged he made numerous repairs to the vehicle, but offered no documentary evidence of the dollar value of the repairs. One of Debtor's witnesses testified that he sold certain car parts for $20.00 to Plaintiff for use in the Mustang.

I find that Debtor knowingly and intentionally caused harm to the Plaintiff by seizing the vehicle and selling it to a third party. This action constitutes the infliction of a willful and malicious injury against the Plaintiff. Therefore, judgment will be granted in favor of Plaintiff in the amount of $120.00 which shall be non-dischargeable in Debtor's bankruptcy case. An appropriate order will be entered.

BY THE COURT

MARY D. FRANCE
BANKRUPTCY JUDGE

HARRISBURG, PENNSYLVANIA

6

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                          *
RICHARD A. BEAVER,              *
      Debtor          *
                               *    Case No. 1-03-04638
DAVID GRAY,                    *    CHAPTER 7
      Plaintiff       *
                               *
  v.                         *    Adv. No. 1-03-00334A
                               *
RICHARD A. BEAVER,             *
      Defendant       *
                               *

## ORDER

AND NOW, this 24th day of September, 2004, judgment shall be and hereby is

granted in favor of Plaintiff in the amount of $120.00 which shall be non-dischargeable in

Debtor's bankruptcy case.

BY THE COURT

_____
MARY D. FRANCE
BANKRUPTCY JUDGE

HARRISBURG, PENNSYLVANIA

FILED    HARRISBURG
         PA

SEP 2 4 2004

Clerk, U.S. Bankruptcy Court